IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORDIA
MIAMI DIVISION

SYNOVUS BANK, SUCCESSOR BY
MERGER WITH FLORIDA
COMMUNITY BANK, N.A.,

    Plaintiff,

v.

TOMAS ROMERO

    Defendant.

Case No. 20-cv-23267

## COMPLAINT

Plaintiff, Synovus Bank, successor by merger with Florida Community Bank, N.A., by and through its undersigned counsel, files this Complaint ("Complaint") against Tomas Romero (the "Defendant") and complains as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and the attached loan documents, which contain clauses by which Defendant consents to submit himself to the venue and jurisdiction of this Court.

3. This Court has personal jurisdiction over the Defendant because the causes of action arose in Florida, and/or the transactions and occurrences out of which the causes of action arose took place in Florida, and/or because, as set forth in the attached loan documents, the Defendant have consented to submit himself to the jurisdiction of this Court.

## PARTIES

4. On or about August 22, 2018, Florida Community Bank, N.A. ("FCB") and Synovus Bank, a Georgia state member bank ("Synovus") executed Articles of Merger ("Merger Articles").

5. On or about September 25, 2018, the Corporation Commissioner of the State of Georgia's Department of Bank and Finance approved the Merger Articles.

6. On or about December 31, 2018, the Secretary of State for the State of Georgia issued a certificate certifying the merger of FCB with and into Synovus resulting in Synovus being the surviving entity.

7. Accordingly, Synovus is the proper party with standing to commence and prosecute this civil action.

8. Plaintiff, Synovus Bank, successor by merger with Florida Community Bank, N.A. (collectively, the "Bank" or "Plaintiff") is a Georgia banking corporation and maintains it its principal place of business in Columbus, Georgia. Plaintiff conducts business in the State of Florida.

9. Defendant, Tomas Romero ("Romero") is an individual who resides at 4500 NW 93rd Ct., Doral, Florida 33178.

## FACTUAL BACKGROUND

### THE SECURED LOAN

10. Synovus d/b/a FCB made available to Caribbean Sun Airlines, Inc. d/b/a World Atlantic Airlines ("Caribbean Sun") a loan in the amount of Three Million Five Hundred Thousand & 00/100 Dollars ($3,500,000.00) (the "Loan") pursuant to that certain Loan Agreement dated February 1, 2019 by and between Caribbean Sun and Synovus d/b/a FCB (as

2

the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "Original Loan Agreement"). A true and correct copy of the Original Loan Agreement is attached to this Complaint as Exhibit 1.

11. The Original Loan Agreement was later amended and restated by that certain Amended and Restated Loan Agreement dated August 21, 2019 by and between Caribbean Sun and Bank (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "A&R Loan Agreement"). A true and correct copy of the A&R Loan Agreement is attached to this Complaint as Exhibit 2.

12. The A&R Loan Agreement was later amended by that certain First Amendment of Loan Agreement and Other Documents dated February 13, 2020, but effective January 25, 2020, by and between Caribbean Sun and Bank (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "First Amended Loan Agreement" and collectively with the Original Loan Agreement and A&R Loan Agreement, the "Loan Agreement"). A true and correct copy of the First Amended Loan Agreement is attached to this Complaint as Exhibit 3.

13. In connection with the Loan, Caribbean Sun executed in favor of, and delivered to, Synovus d/b/a FCB, a Promissory Note dated February 1, 2019 (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "Original Note"). A true and correct copy of the Original Note is attached to this Complaint as Exhibit 4.

14. The Original Note was later amended and restated by that certain Amended and Restated Promissory Note executed in favor of, and delivered to, Bank dated August 21, 2019 (as the same may have been or may be in the future assigned, amended, modified, supplemented

and/or restated, collectively, the "A&R Note"). A true and correct copy of the A&R Note is attached to this Complaint as Exhibit 5.

15. The A&R Note was again amended and restated by that certain Second Amended and Restated Promissory Note executed in favor of, and delivered to, Bank dated January 25, 2020 (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "Second A&R Note" and collectively with the Original Note and A&R Note, the "Note"). A true and correct copy of the Second A&R Note is attached to this Complaint as Exhibit 6.

16. The Note is subject to that certain ISDA 2002 Master Agreement (and related Schedule) dated as of August 21, 2019 by and between Synovus and Caribbean Sun (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "Swap Documents").

17. To secure, *inter alia*, the payment and performance of the obligations evidenced by the Note, Caribbean Sun executed that certain Security Agreement dated February 1, 2019 (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "Original Security Agreement") which, among other things, grants Synovus d/b/a FCB a continuing and unconditional "first priority perfected security interest" in and to the collateral described in section 2.1 of the Original Security Agreement (collectively, the "Collateral"). A true and correct copy of the Original Security Agreement is attached to this Complaint as Exhibit 7.

18. The Original Security Agreement was later amended and restated by that certain Amended and Restated Security Agreement dated August 21, 2019 by and between Caribbean Sun and Bank (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "A&R Security Agreement" and collectively with

the Original Security Agreement, the "Security Agreement"). A true and correct copy of the A&R Security Agreement is attached to this Complaint as <u>Exhibit 8</u>.

19. Bank perfected its first priority security interest in the Collateral by filing UCC Financing Statements with the Delaware Secretary of State.

20. To further induce Synovus d/b/a FCB to grant the credit accommodations to the Caribbean Sun under the Note and the Security Agreement, Romero executed and delivered to Synovus d/b/a FCB that certain Guaranty Agreement dated February 1, 2019 (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "Original Guaranty"). A true and correct copy of the Original Guaranty is attached to this Complaint as <u>Exhibit 9</u>.

21. The Original Guaranty was later amended by that certain Amended and Restated Guaranty Agreement Romero executed and delivered to Bank dated August 21, 2019 (as the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated, collectively, the "A&R Guaranty" and collectively with the Original Guaranty, the "Guaranty"). A true and correct copy of the A&R Guaranty is attached to this Complaint as <u>Exhibit 10.</u> The Loan Agreement, Note, Swap Documents, Security Agreement, Guaranty and all documents/agreements executed in connection therewith and related to the Loan (as each of the same may have been or may be in the future assigned, amended, modified, supplemented and/or restated) are hereinafter collectively referred to as the "Loan Documents." Capitalized terms not otherwise defined in this Complaint shall have the meaning given to such terms in the Loan Documents, each of which are fully incorporated into this Complaint by reference.

22. Pursuant to the Guaranty, Romero, executing the same, unconditionally and irrevocably guaranteed to Bank, *inter alia*, the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest, fees, late charges, costs,

expenses and all sums of money now or hereafter due and owing, or which Caribbean Sun is obligated to pay, pursuant to the Loan Documents.

23. Pursuant to the Guaranty, Romero expressly waived any right to which he may otherwise have been entitled, whether existing under statute, at law or in equity, to require Bank to take prior recourse or proceedings against any collateral, security or person.

24. Pursuant to the Guaranty, it shall not be necessary for Bank, in order to enforce payment by Romero, first to initiate suit or pursue or exhaust any rights or remedies against Caribbean Sun, or to enforce any rights against any security given to secure the indebtedness evidenced by the Note, or to join Caribbean Sun in any action to enforce the Guaranty.

25. Pursuant to the Guaranty, suit may be brought against Caribbean Sun, Romero or against one or both of them, separately or together.

26. All conditions precedent to this action were satisfied, waived or occurred.

### THE DEFAULTS

27. Pursuant to Section 5(n) of the Loan Agreement, Caribbean Sun agreed to not change its ownership, control or key management during the term of the Loan without the prior written consent of Bank ("Change in Management Covenant").

28. On or about June 15, 2020, Caribbean Sun filed an Amendment to its Annual Report with the Florida Secretary of State in which Caribbean Sun added David Boyer ("Boyer") as its president. A true and correct copy of the foregoing Amendment to Annual Report is attached to this Complaint as Exhibit 11.

29. This key management change was completed without Caribbean Sun first requesting and obtaining Bank's written consent for such change ("Key Management Covenant Violation").

30.     Bank notified Caribbean Sun and Romero of the Key Management Covenant Violation through a written letter by Bank's counsel dated June 23, 2020 ("June 23rd Default Letter").  A true and correct copy of the June 23rd Default Letter is attached to this Complaint as Exhibit 12.

31.     In the June 23rd Default Letter, Bank advised Caribbean Sun and Romero that Bank did not, and would not, consent to Boyer being added as the Borrower's president.

32.     Pursuant to Section 5(b) of the Loan Agreement, Caribbean Sun agreed that at all times it would maintain unencumbered cash and cash in kind at Bank in an amount not less than $2,000,000.00 in the aggregate, which would be tested for compliance on a quarterly basis.  Of such unencumbered cash and cash in kind required under Section 5(b) of the Loan Agreement, Romero, as guarantor, agreed to maintain no less than $1,500,000.00 in his name at the Bank (collectively, the "Minimum Liquidity Covenant").

33.     When the Minimum Liquidity Covenant was tested, Caribbean Sun and Romero failed to comply with this covenant ("Minimum Liquidity Covenant Violation").

34.     Bank notified Caribbean Sun and Romero of the Minimum Liquidity Covenant Violation through a written letter by Bank's counsel dated June 25, 2020 ("June 25th Default Letter").  A true and correct copy of the June 25th Default Letter is attached to this Complaint as Exhibit 13.

35.     In each of the June 23rd Default Letter and June 25th Default Letter, the Bank advised Caribbean Sun and Romero that Bank reserved the right to exercise any or all of its rights, powers, remedies and/or privileges under the Loan Documents, in addition to those at law and/or in equity with respect to the occurrence of the Key Management Covenant Violation and Minimum Liquidity Covenant.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: Two South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131-1822 :: T 305 347 4080 :: F 305 347 4089

36.     An Event of Default occurred under Section 7(b) of the Loan Agreement when Caribbean Sun and Romero failed to keep, observe, or perform certain covenants, namely, the Change in Management Covenant and the Minimum Liquidity Covenant (collectively, the "Existing Events of Default").

37.     Bank believes, and therefore avers, that additional defaults exist under the Loan Documents and therefore reserves its rights as to the same in all respects.

38.     Bank notified Caribbean Sun and Romero of the Existing Events of Default through a written letter by Bank's counsel dated July 7, 2020 ("July 7th Default Letter"). A true and correct copy of the July 7th Default Letter is attached to this Complaint as <u>Exhibit 14</u>.

39.     By means of the July 7th Default Letter, Bank declared all sums of principal and interest under the Note accelerated and immediately due and payable.

40.     In the July 7th Default Letter, demand was made on Caribbean Sun and Romero to immediately pay all unpaid principal, accrued interest, and late charges due under the Note (collectively, the "Default Amount").

41.     To date, despite demand, Caribbean Sun and Romero have failed to pay the Default Amount and have therefore failed to satisfy their obligations set forth in Loan Documents.

42.     Upon information and belief, neither Caribbean Sun nor Romero have valid defenses for failing to fulfill their obligations set forth in the Loan Documents.

**CHOICE OF LAW, CHOICE OF VENUE, JURISDICTION AND ATTORNEYS' FEES**

43.     Bank has a principal place of business in Columbus, Georgia, however, the Bank conducts business in the State of Florida.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: Two South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131-1822 :: T 305 347 4080 :: F 305 347 4089

44.     The Loan Documents expressly provide that they will be delivered and accepted in and shall be deemed to be a contract made under and governed by the internal laws of the State of Florida applicable to contracts made and to be performed entirely within such state, without regard to conflict of law principles.

45.     Pursuant to the Loan Documents, guarantor executing the same have expressly and irrevocably waived any right to a trial by jury in any action or proceeding to enforce or defend any rights under the Loan Documents or with respect to the collateral securing the obligations thereunder.

46.     Pursuant to the Loan Documents, guarantor executing the same also expressly and irrevocably submitted to the jurisdiction of the courts of Miami-Dade County, State of Florida and the United States District Court for the Southern District of Florida for the purpose of any litigation based on, arising out of, under or in connection with the Loan Documents.

47.     Pursuant to the Loan Documents, guarantor executing the same agreed to pay or reimburse the Bank for all reasonable costs, fees and expenses incurred by Bank or for which the Bank becomes obligated in connection with the enforcement of the Loan Documents, including reasonable attorneys' fees and time charges of counsel of the Bank.

48.     The Bank has retained the law firm of Buchanan Ingersoll & Rooney P.C. to enforce the Bank's rights and remedies under the Loan Documents and the Bank is obligated to pay this law firm's attorneys a reasonable fee for their services.

## COUNT I – ACTION ON GUARANTY
### (Bank v. Romero)

49.     Plaintiff incorporates the allegations of the preceding paragraphs 1-48 of the Complaint as if fully restated herein.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: Two South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131-1822 :: T 305 347 4080 :: F 305 347 4089

50. As averred above, Romero defaulted on his obligations under the Loan Documents by virtue of the Existing Events of Default.

51. Romero has failed to meet his obligations under the Guaranty by, *inter alia*, failing to pay the Default Amount.

52. Bank has suffered damages as a result of Romero's breach of the Guaranty, including, without limitation, the Default Amount and such other exact amounts as may be proven at trial.

53. The Guaranty provides that Romero agrees to pay the Bank on demand all costs and expenses incurred by Bank in seeking to enforce Bank's rights and remedies under the Guaranty, including, without limitation, court costs, attorneys' fees and costs.

54. Interest continues to accrue on the Default Amount at the Default Interest Rate as defined in the Note.

55. The Bank's costs and expenses, including Bank's attorneys' fees, incurred in connection with the enforcement of the Guaranty continue to accrue.

56. Despite Bank's demand for payment, Romero has failed and refused to pay to Bank the amounts due Bank under the Guaranty.

57. The Bank has performed all conditions precedent under the Loan Documents.

WHEREFORE, Synovus Bank, successor by merger with Florida Community Bank, N.A. prays that this Court enter a judgment in the above-captioned action that (1) the Bank is entitled to judgment in its favor and against Romero under the Guaranty in the amount proven at trial, *plus* pre-judgment interest, and post judgment interest on any judgment accruing at the Default Interest Rate as defined in the Note from and after July 7, 2020, *plus* accruing attorneys'

fees, costs, and expenses accruing after July 7, 2020; and (2) the Bank is entitled to such other relief as is just and equitable under the circumstances.

Dated:  August 6, 2020

          Respectfully submitted,

          BUCHANAN INGERSOLL & ROONEY, PC

          By: /s/ *Mark S. Auerbacher*
              Mark S. Auerbacher
              Florida Bar No. 978220
              Two South Biscayne Boulevard, Suite 1500
              Miami, FL 33131-1822
              Telephone: (305) 347-4080
              Facsimile:  (305) 347-4089
              Email: mark.auerbacher@bipc.com

          *Counsel for Synovus Bank, successor by merger with Florida Community Bank, N.A.*